# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| CRAIG JOHNSON, | Case No. 16-cv-2691 (ADM/LIB) |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| HOLIDAY, CITY OF BAXTER, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2]. For the reasons discussed below, it is recommended that Johnson's IFP application be denied and that this action be dismissed.

After review of the application, the Court concludes that Johnson qualifies financially for IFP status. That said, an IFP applicant's complaint will be dismissed if the complaint fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the

speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Johnson has filed at least twelve lawsuits in the past year all of which have been extremely difficult to understand. *See* 16-cv-2384 (DWF/LIB), [Docket No. 3] at 1–2 (listing cases). In this Complaint, Johnson has named "Holiday" (presumably, the gas station chain) and the city of Baxter as Defendants. [Docket No. 1] at 2. He alleges that a disagreement arose in which the manager of the Holiday store called the police and Johnson was eventually "committed" over the events. [Docket No. 1] at 4. He also alleges that somebody from "behind the counter" in the Baxter City Hall once threatened him with a knife although this appears to be a separate incident from the one involving the Holiday store. [Docket No. 1] at 4. It is not clear to the Court what Johnson means when he says he was "committed" during the incident with Holiday. It is possible Johnson was arrested and he believes the arrest violated his constitutional rights but there are not enough facts in the Complaint to string together a coherent claim. He also alleges that somebody at the Baxter City Hall had a knife and threatened him. If that person worked for the City of Baxter, it is possible that he is making a claim that the city is liable for this event but this too is unclear.

As with his other complaints, Johnson alleges that he has been involved in some sort of disturbance or altercation and that he is convinced that somebody is at fault and should be held accountable in federal court. Once again, Johnson's Complaint is extremely vague and fails to

provide enough facts to cross the line from "a sheer possibility" that the Defendants acted unlawfully to "facial plausibility." *Iqbal*, 556 U.S. at 678.  The Court will, however, recommend dismissal without prejudice so that Johnson can re-file if he thinks he can provide a coherent explanation of how his rights were violated and why the named defendants are responsible for it.

The Court notes that due to the number of complaints Johnson has filed in the last year and the substance of those complaints, this Court has recently recommended that he be restricted from filing new cases in this District unless he is represented by counsel or receives prior written authorization from a judicial officer.  *See Johnson v. Crosslake Police Dept.*, 16-cv-2384 (DWF/LIB), [Docket No. 3]; *Johnson v. City of Crosslake*, 16-cv-2514 (DWF/LIB), [Docket No. 3].  However, the Court has not yet issued a final order on those recommendations.

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Plaintiff Craig Johnson's application for leave to proceed *in forma pauperis*, [Docket No. 2], be **DENIED**.

2. Johnson's Complaint be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 8, 2016

_____
LEO I. BRISBOIS
United States Magistrate Judge

NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.